**The below described is SIGNED.**



**Dated: June 05, 2009**                   _____
                                            **WILLIAM T. THURMAN**
                                            **U.S. Bankruptcy Chief Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy Number:  08-22543 |
| **3H RIVER TURF FARM, LLC.,** | Chapter 7 |
| Debtor. | |

## MEMORANDUM DECISION

The matter before the Court is the motion for relief from the automatic stay filed by Verdon and Joyce Hannig and other secured creditors in this case (collectively "Hannigs") pursuant to 11 U.S.C. § 362(d)(2)[1].  A hearing on this matter was conducted before the Honorable William T. Thurman, Chief Judge of the above-entitled court, on May 7, 2009.  The Court determined that there were no disputed facts, and elected to combine this preliminary hearing with a final hearing.  At the conclusion of the hearing, the Court entered its oral ruling on the record, and this Memorandum Decision memorializes that ruling.[2]

---

[1]  Unless otherwise indicated, all future references are to title 11 of the Untied States Code.

[2]  This Memorandum Decision constitutes the Court's findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The issue before the Court was whether, for purposes of determining if there is equity in real property when considering a motion for relief from stay under § 362(d)(2), the Court should take into account all of the liens and encumbrances against the real property or just those of the moving party and the senior lienholders.  For the reasons stated herein, the Court determines that all liens must be considered in determining whether there is equity in the property.

**I.    BACKGROUND**

This case was originally filed under chapter 11 of the Bankruptcy Code on April 21, 2008.  It was converted to a case under chapter 7 by the September 24, 2008 order of the Court. Subsequently, Kenneth L. Rushton was appointed as the chapter 7 trustee ("Trustee").

One of the assets in this estate constitutes approximately 26 acres of undeveloped real property located near Hurricane, Utah (the "Real Property").  The Real Property is used primarily to store equipment, temporary buildings, and other personal property of the Debtor. The Trustee has liquidated much of the personal property of the estate and, at the present time, has approximately $300,000 in cash as a result of prior liquidations.  The Trustee has the Real Property listed for sale with a Court appointed real estate broker.

There is some secured debt attached to the Real Property.  The Hannigs hold an undisputed first priority and consensual trust deed securing a promissory note ("Hannig Note"). The Hannigs filed an uncontested proof of claim in this case setting forth a balance owed to the various Hannig parties in the amount of $501,852.22.  The Hannig Note bears an interest rate of 12% per annum, and provides for a 5% penalty on the unpaid monthly payments.

The parties have stipulated that the encumbrances filed against the Real Property amount to $1,421,716.37, plus interest and penalties.  However, the Trustee has not stipulated to the

validity of these secured claims and reserves the right to object to them. The parties further stipulated that the valid allowable claims secured by the Real property exceed the appraised value of the Real Property. There are two appraisals, one listing the value at $735,000 ("Hannigs' Appraisal") and the other at $1,226,636 ("Trustee's Appraisal"). At the oral argument, it was revealed that the total of the secured encumbrances exceeds the Trustee's Appraisal. All of the encumbrances, except for the ad valorem real property taxes, are junior to Hannigs' secured claim. Besides Hannigs' claim, the other secured claims consist of federal or state tax claims, which are subordinate to Hannigs' secured claim.

The Hannigs argue that the automatic stay should be lifted because there is no equity in the Real Property when considering all the liens. The Trustee, on the other hand, objects claiming that only the liens of the movants and senior lienholders should be considered. When considering those, the Trustee argues that there is equity in the Real Property and Hannigs' motion should, therefore, be denied.

## II. JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334. Venue is appropriate under 28 U.S.C. § 1408(1). The Court finds that notice of this hearing was properly given to all creditors and parties in interest.

## III. DISCUSSION

Although there are several cases from this district that provide some guidance in the present matter,[3] the Court can find no reported cases from this district that address the specific

---

[3] *See In re Sunstone Ridge Assocs.*, 51 B.R. 560, 562 (D. Utah 1985); *In re Koopmans*, 22 B.R. 395, 395-96 (Bankr. D. Utah 1982).

3

issue in this case. The Court has previously considered and ruled on similar motions in other cases but has never memorialize those rulings in a memorandum decision or a published opinion. Accordingly, the Court deems it appropriate to do so here not only for the parties in this case but also for other practitioners in this district who may appear before this Court.

The Hannigs argue that based on the uncontested facts in this matter, even if the Court were to give the Trustee the benefit of the higher appraised value, there is no equity in the Real Property. Since this is not a chapter 11 case, pursuant to § 362(d) no argument can be made that the Real Property is needed for an effective reorganization. The Hannigs, therefore, argue that the Court must grant their motion. They contend that in determining whether there is any equity remaining in the Real Property, the Court must take into account all of the encumbrances, not just their secured claim. They then draw the Court's attention to several decisions from other jurisdictions that support their position.[4]

The Hannigs further argue that their position is consistent with the plain language of § 362(d)(2), because the reference to "equity" in that section means actual equity, not just an equity cushion for the first mortgage holder. Section 362(d) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
> (2) with respect to a stay of an act against property under subsection(a) of this section, if–
> (A) the debtor does not have an equity in such property; and

---

[4] *In re Indian Palms Ass'n, Ltd.,* 61 F.3d 197, 207 (3rd Cir. 1995); *Matter of Sutton*, 904 F.2d 327, 329 (5th Cir. 1990); *Stewart v. Gurley*, 745 F.2d 1194, 1196 (9th Cir. 1984).

(B) such property is not necessary to an effective reorganization.[5]

The Trustee, on the other hand, argues that in determining whether there is any equity in the Real Property, the Court should subtract from the value of the Real Property only those amounts owed to the moving secured creditors, and exclude any amounts owed to the non-moving taxing authorities whose tax liens are junior in priority to those of the moving secured creditors.

The Trustee draws the Court's attention to several decisions, which hold that the court must subtract from the value of the collateral only those amounts owed to the lienholders actually seeking relief and all senior lienholders. In those decisions, the courts have held that "it would be incongruous for a senior lienholders who is oversecured to assume the position of a junior lienholders and argue lack of equity in order to obtain relief from the automatic stay when such relief is not desired by the junior lienholders and when such relief would not be in the best interest of the junior lienholders.[6]

At the oral argument, the Trustee contended that under the facts of this case, should the taxing authorities elect not to outbid the senior lien held by the Hannigs at a trustee sale under the deed of trust, their claims would lose their secured status and become priority unsecured claims that would be paid prior to any of the other non-priority unsecured claims. In this case, the cash on hand with the Trustee would be totally used to pay the priority claims, less any administrative claims that might be allowed leaving the unsecured non-priority creditors without

---

[5] 11 U.S.C. § 362(d).

[6] *See* Collier on Bankruptcy, 15th ed., § 362.07[4][a] (2008); *Cote v. United Fin. Co. (In re Cote)*, 27 B.R. 510, 513 (Bankr. D. Or. 1983); *Cent. Fla. Prod. Credit Ass'n v. Spring Garden Foliage, Inc. (In re Spring Garden Foliage, Inc.)*, 15 B.R. 140 (Bankr. M.D. Fla. 1981).

5

any payment. Accordingly, his argument is to let the Real Property be sold with the hope of getting not only enough to cover Hannigs' secured claim but to also pay a portion of the junior secured claims on the Real Property.

It appears that the Trustee engaged a real estate broker in early 2009 to sell the Real Property. No proposed sale has been presented to the Court as of the date of this hearing. No other action, except applications for administrative expenses, is pending at the present time.

The Court is torn between Hannigs' argument that the court should apply the "plain language" of the statute, and the Trustee's argument, which seems to make a lot of practical sense and would benefit more creditors. The Court has also considered a number of decisions where the phrase "plain language" is used to support the court's decisions, including its own concurring opinion in a case from the Tenth Circuit Bankruptcy Appellate Panel.[7] It appears that plain language arguments are not always that plain.

Notwithstanding the foregoing, the Court is persuaded that the word "equity" in § 362(d)(2) means that the Court must consider all liens and encumbrances against the Real Property. While the Trustee's argument has some appeal, if Congress intended to give junior lienholders the position proposed by the Trustee, it could have done so but it did not. Accordingly, the Court agrees with the Hannigs that in determining the equity in the Real Property, the Court must take into account all of the secured claims against the property. After subtracting the total amount of the secured encumbrances from the total value of the Real Property as calculated in the Trustee's Appraisal, there is no equity in the property.

---

[7] *In re Pearson*, 390 B.R. 706 (B.A.P. 10th Cir. 2008), *vacated by* 309 Fed. Appx. 216 (10th Cir. 2009).

6

## IV.    CONCLUSION

Based on the foregoing, the Court concludes that Hannigs' motion should be and is granted.  A separate order will accompany this Memorandum Decision.



_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below:

3h River Turf Farm, LLC
2160 East Riverside Drive
St. George, UT 84790
  *Debtor*

United States Trustee
Ken Garff Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111

Kenneth A. Rushton
P.O. Box 212
Lehi, UT 84043
  *Chapter 7 Trustee*

George W. Pratt
Melissa A. Clark
JONES, WALDO, HOLBROOK & MCDONOUGH
170 South Man Street, Suite 1500
Salt Lake City, Utah 84101-1644
  *Attorneys for the Hannigs*